IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

EQUAL ACCESS FOR ALL, INC.,
a Florida not-for-profit corporation, and
JOE HOUSTON, an individual,

       Plaintiffs,

v.                             Consolidated Lead Case No.  5:04cv178/MCR[1]

HUGHES RESORT, INC.,
a Florida corporation,

       Defendant.

_____/

O R D E R

    These consolidated cases brought pursuant to Title III of  the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., are before the court upon the motions to dismiss filed by defendants Hughes Resort, Inc.; RK of Bay County Corp.; BAB

---

[1] By order dated October 4, 2004, the court consolidated the instant case with the following fifteen cases for all further proceedings: Equal Access for All, Inc. v. Bikini Beach Motel, Inc., 5:04cv179/MCR; Equal Access for All, Inc. v. Gilmore Resorts,  Inc., 5:04cv180/MCR; Equal Access for All, Inc. v. Narhet, LLC, 5:04cv181/MCR; Equal Access for All, Inc. v. BAB Developers, LLC, 5:04cv182/MCR; Equal Access for All, Inc. v. Banker,  5:04cv186/MCR; Equal Access for All, Inc. v. Hilton, Inc., 5:04cv187/MCR; Equal Access for All, Inc. v. Bennett's Reef, Inc., 5:04cv188/MCR; Equal Access for All, Inc. v. KGRANT, LLC., 5:04cv189/MCR; Equal Access for  All, Inc. v. Bennett's Reef, Inc., 5:04cv190/MCR; Equal Access for All, Inc. v. Stiles Enterprises, Inc., 5:04cv212/MCR; Equal Access for All, Inc. v. RK of Bay County, Inc., 5:04cv213/MCR; Equal Access for All, Inc. v. BNP Investment Prop., Inc., 5:04cv214/MCR; Equal Access for All, Inc. v. Motel One Ltd., 5:04cv215/MCR; Equal Access for All, Inc. v. Panama City Ltd. Partnership, 5:04cv216/MCR; and Equal Access for All, Inc. v. Patel, 5:04cv217/MCR.  Of these cases, the court has since dismissed with prejudice Case Nos. 5:04cv187/MCR, 5:04cv214/MCR, and 5:04cv215, at the plaintiffs' or the parties' request.  In addition, although judgment has not yet been entered in Case No. 5:04cv212/MCR, the plaintiffs have also requested dismissal with prejudice of both the defendants in this case.  Thus, at this time, thirteen cases remain pending in the consolidated action.

Developers, LLC;[2] Gilmore Resorts, Inc.; Narhet, LLC; Banker; Bennett's Reef, Inc.; Bikini Beach Motel, Inc.; and KGRANT, LLC (together, "defendants"), to which plaintiffs Equal Access for All, Inc., ("Equal Access") and Joe Houston ("Houston") (together, "the plaintiffs") have responded in opposition.[3]   As set forth below, the court grants in part and denies in part the defendants' pending motions, dismissing the consolidated action with prejudice.[4]

---

[2]   The record reflects that a question exists as to whether "BAB Developers, LLC," or "BAB Developers I, LLC, and BAB Developers II, LLC," are properly named as the defendant(s) in Case No. 5:04cv182.  This matter has not yet been resolved.  Therefore, in the instant order the court refers to the defendant in this case as "BAB Developers, LLC," as identified in the complaint. (See # 6, Case No. 5:04cv182/MCR docket).

[3]   The respective motions to dismiss may be found at # 4, # 17, and # 18, Case No. 5:04cv178/MCR docket; # 4, Case No. 5:04cv180/MCR docket; # 4, Case No. 5:04cv181/MCR docket; # 13, Case No. 5:04cv186/MCR docket (and adopting other motions to dismiss at # 21, Case No. 5:04cv178/MCR docket); # 4, Case No. 5:04cv188/MCR docket (and adopting other motions to dismiss at # 30, Case No. 5:04cv178/MCR docket); # 4, Case No. 5:04cv179/MCR docket; # 3, Case No. 5:04cv189/MCR docket; and # 3, Case No. 5:04cv190/MCR docket (and adopting other motions to dismiss at # 29, Case No. 5:04cv178/MCR docket).  The responses to the motions are located, respectively, at # 7, # 28 (adopting other responses), and # 28 (adopting other responses), Case No. 5:04cv178/MCR docket; # 7, Case No. 5:04cv180/MCR docket; no filed or adopted response located, Case No. 5:04cv181/MCR docket; # 10, Case No. 5:04cv186/MCR docket;  # 5, Case No. 5:04cv179/MCR docket; # 11, Case No. 5:04cv179/MCR docket; # 9, Case No. 5:04cv189/MCR docket; and # 5, Case No. 5:04cv190/MCR.
In its order consolidating the cases the court directed the parties thenceforward to file all documents in the lead case only.  Unfortunately, in large part that has not occurred, perhaps due to the parties' unfamiliarity with the court's relatively new electronic docketing system.  In any event, although the references are rather unwieldy, in the instant order the court has found it necessary to identify documents by the individual case on whose docket they appear, as set forth above and elsewhere.

[4]   In Case Nos. 5:04cv179/MCR and 5:04cv189/MCR, defendants Bikini Beach Motel, Inc., and KGRANT, LLC, filed motions to dismiss which, for procedural reasons, the court denied without prejudice and with leave to refile. Although the defendants failed to refile as permitted, because the plaintiffs responded and the motions otherwise appear ripe for review, in the interest of judicial efficiency the court shall rule on the motions.  Also, in Case No. 5:04cv190/MCR defendant Bennett's Reef, Inc., filed a motion to dismiss which appears to have been erroneously terminated; accordingly, the court shall rule on this motion as well.
There are two other cases in this consolidated action as to which no potentially dispositive motions have been filed, Case Nos. 5:04cv216/MCR and 5:04cv217/MCR. In Case No. 5:04cv217/MCR, the docket indicates that defendant Prakash C. Patel was served but it does not reflect that he responded. In Case No. 5:04cv216/MCR the plaintiffs have filed a response to the court's recent order to show cause why the action should not be dismissed for the failure to effect service of process and for lack of prosecution. (# 45 and #46, Case 5:04cv178/MCR docket).  As to the latter case, the court finds that the plaintiffs' explanation that they believed, incorrectly as it turned out, that service had been effected does not constitute good cause for the failure. See Fed.R.Civ.P. 4(m).  Accordingly, dismissal of Case No. 5:04cv216/MCR is warranted on the ground that they have failed to timely effect service.  As to both cases, the court applies its analysis of the issues and findings on standing to these cases, finding sua sponte that they should be dismissed for lack of subject matter jurisdiction due to the failure to establish standing.

**BACKGROUND**

The allegations of the one-count complaints filed in each of the consolidated cases are nearly identical.  According to the complaints, Equal Access is a not-for-profit organization whose members include persons with disabilities as defined by the ADA.[5] The stated purpose of the organization is to assure that its members have access to places of public accommodation and that they are not discriminated against due to their disabilities.  (See # 1 at ¶ 7, Case No. 5:04cv178/MCR docket).  Houston is a disabled individual with quadriplegia who suffers from a muscular disorder which "substantially limits his major life activity of walking."  (Id. at ¶ 8).  In July 2004 Houston visited each of the defendants' establishments, and in the future he "plans to return to the propert[ies] to avail himself of the good and services offered to the public . . . ."  (Id.).  The defendants in each of the cases are individuals or entities engaged in the hotel or motel business in the Panama City Beach, Florida, area.  The plaintiffs allege in their complaints that the respective defendants have violated Title III of the ADA by allowing access in their facilities to be impeded by specific architectural barriers.  (Id. at ¶ 17).  According to the plaintiffs, a non-exclusive list of the barriers in each establishment may include impediments in the parking areas, entrances and paths of travel, rest rooms, interior and recreational areas, and some guest rooms.  (Id. at ¶¶ 17 and 18).  The plaintiffs claim that in contravention of the ADA the defendants have discriminated against them by failing to provide facilities which are adequately accessible by the disabled, thus "denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations" of their establishments.  (Id. at ¶¶ 16, 17).  As relief, the plaintiffs seek an injunction directing each defendant "to make all readily achievable alterations to [its] facility; or to make such facility readily accessible to . . . individuals with disabilities to the extent required by the ADA."  (Id. at ¶ 23).  The plaintiffs also seek attorney's fees and costs. (Id.).

---

[5]  Title III of the ADA proscribes discrimination against the disabled in public accommodations.  42 U.S.C. § 12182(a) ("No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns . . . or operates a place of public accommodation.").

The sum of the arguments contained in the defendants' ten pending motions to dismiss is that the plaintiffs lack standing to bring their ADA claim and that they have failed to state a claim upon which relief can be granted.  More specifically, the defendants contend that Equal Access has not demonstrated that it has suffered a concrete injury-in-fact such that it has standing to pursue the ADA claim on its own behalf or on behalf of its members; similarly, Houston lacks standing to proceed on his own behalf for want of an injury-in-fact.  Furthermore, according to the defendants, the plaintiffs lack standing regarding any alleged barriers as to which they had no actual knowledge at the time of filing their complaint. The defendants also maintain that the plaintiffs have failed to state a cause of action under Title III because they have not specified whether the defendants' facilities violate the "new construction" or the "alteration" standard of compliance under the ADA and, where the alteration standard applies, they have failed to suggest remedial solutions for the barriers.  In addition, Equal Access is not an individual or person within the meaning of the ADA, as required in order to bring a private right of action.  The complaint also fails to allege that the plaintiffs were denied full and equal enjoyment of the facilities, that the plaintiffs actually requested a modification which was necessary to achieve full and equal enjoyment, and that such modification was reasonable.  All ten of the defendants' motions seek dismissal with prejudice of the plaintiffs' complaints and an award of attorney's fees and costs.[6]

The plaintiffs respond that the complaints allege the elements necessary to establish the standing of Equal Access to sue on its on behalf, including having suffered an actual or threatened injury, i.e., the purpose for which the organization was established has been "frustrated" by the defendants' failure to provide adequately accessible accommodations to the disabled.  Furthermore, Equal Access also has standing to maintain this Title III ADA action on behalf of its members under the doctrine of

---

[6] In addition to the foregoing arguments the defendants assert that although the plaintiffs apparently seek to proceed as a class action they have not established the necessary prerequisites to do so.  Because the plaintiffs have advised that they only intend to proceed on behalf of Houston and Equal Access and that any class action claim should be "stricken," (see # 7 at p. 18, Case No. 5:04cv178/MCR), the court treats the complaint as containing no class action allegations.

associational standing as it has met the constitutional requirements established by the Supreme Court.  The plaintiffs submit that Houston likewise has adequately alleged the elements of standing in that he complains that he personally experienced barriers to access while visiting the defendants' facilities.  Moreover, according to the plaintiffs, Houston has standing to challenge all barriers to access, not just those of which he has actual knowledge or personal experience.  As a final matter, in the event the court should determine that dismissal is warranted for failure to establish standing or failure to state a claim, the plaintiffs ask that such dismissal be without prejudice and that the court grant a reasonable period in which they may file an amended complaint.

**LEGAL STANDARDS**

The court treats the defendants' arguments for dismissal for lack of standing as brought pursuant to Rule 12(b)(1). See Region 8 Forest Service Timber Purchasers Council v. Alcock, 993 F.2d 800, 807 n.8 (11th Cir. 1993) (noting that because a motion to dismiss for lack of standing is one attacking the district court's subject matter jurisdiction, it properly is brought pursuant to Rule 12(b)(1)).  The court treats the arguments for dismissal for failure to state a claim as brought pursuant to Rule 12(b)(6). See Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir.1990) (stating that judicial economy and fairness require a defendant to proceed under Rule 12(b)(6) when challenging a claim's merits).

**Rule 12(b)(1)**

Motions to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure come in two forms, facial and factual. See Lawrence, 919 F.2d at 1528-29.  Review of facial challenges is limited to the four corners of the complaint while factual challenges permit investigation of matters outside the pleadings themselves. See Garcia v. Copenhaver, Bell, and Associates, 104 F.3d 1256, 1260-61 (11th Cir. 1997).  A facial attack affords a plaintiff safeguards similar to those provided in a Rule 12(b)(6) motion as the court must take the allegations of the complaint as true. See Lawrence, 919 F.2d at 1529 (quotations omitted).  "Factual attacks, on the other hand, challenge the existence of subject matter jurisdiction in fact,  irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." Id. (citation and internal

quotation marks omitted). Provided the factual attack does not implicate the merits of a plaintiff's case, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Id. (citation omitted). "In short, no presumptive truthfulness attaches to [a] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id.

### Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) is designed to eliminate counts or complaints that fail to state a claim upon which relief can be granted.  As such the court accepts all allegations of the complaint as true and construes those allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Lopez v. First Union National Bank of Florida, 129 F.3d 1186, 1189 (11th Cir. 1997).  Dismissal for failure to state a claim is inappropriate unless it appears beyond a doubt that the plaintiff cannot prove any set of facts that support a claim for relief. See Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); see also Lopez, 129 F.3d at 1189.  If the facts alleged in the complaint would allow recovery under any possible theory the motion must be denied, regardless of whether they would allow recovery under the particular theory pleaded. See Linder v. Portocarrero, 963 F.2d 332, 336 (11th Cir. 1992). Because this standard imposes such a heavy burden on the defendant, see Beck v. Deloitte & Touche, 144 F.3d 732, 735-36 (11th Cir. 1998), Rule 12(b)(6) motions are rarely granted. See St. Joseph's Hosp., Inc. v. Hospital Corp. of America, 795 F.2d 948, 953 (11th Cir. 1986).  The court is not required, however, to accept as true the plaintiff's conclusions of law. See Solis-Ramirez v. United States Dep't of Justice, 758 F.2d 1426, 1429 (11th Cir. 1985).  "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Management, Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).

### Standing

The court's jurisdiction to consider a plaintiff's claim is limited by Article III of the United States Constitution, which permits federal courts to consider only actual "cases" and

"controversies." U.S. Const., Art. III.  The cases or controversies limitation must be strictly observed.  See National Advertising Co. v. City of Miami, 402 F.3d 1329, 1332 (11th Cir. 2005).  Part of the cases or controversies requirement includes the doctrine of standing, the inquiry into which "involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." Warth v. Seldin, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).  The party invoking federal jurisdiction bears the burden of demonstrating constitutional standing.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). To meet this burden, the party must show injury-in-fact, causation, and redressability.  See Northeastern Florida Contractors v. Jacksonville, 508 U.S. 656, 113 S.Ct. 2297, 124 L.Ed.2d 586 (1993); Koziara v. City of Casselberry, 392 F.3d 1302, 1304 (11th Cir. 2004) (citing Lujan, 504 U.S. at 561).  These requirements are the " 'irreducible minimum' required by the Constitution" for a plaintiff to proceed in federal court. Northeastern Fla. Chapter, Associated Gen. Contractors of America v. City of Jacksonville, 508 U.S. 656, 664, 113 S.Ct. 2297, 124 L.Ed.2d 586 (1993) (citation omitted).  In the context of injunctive relief, the plaintiff must additionally demonstrate "a sufficient likelihood that he will again be wronged in a similar way[.]"  City of Los Angeles v. Lyons, 461 U.S. 95, 111, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983).  That is, he must establish a "real and immediate threat of repeated injury." O'Shea v. Littleton, 414 U.S. 488, 496, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974).  Three prudential principles bear on standing.   The party's claim must fall "arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question"; the claim must be for injury to the party's own legal rights and interests, rather than the legal rights or interests of third parties; and the injury must be individualized or confined to a discrete group. See, e.g., Allen v. Wright, 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984).  Prudential barriers do not, however, apply in all cases as "Congress may grant an express right of action to persons who otherwise would be barred by prudential standing rules." Warth, 422 U.S. at 501.

An organization may assert standing either (1) on its own behalf or (2) as the representative of its members. See Hunt v. Washington State Apple Advertising Comm.,

432 U.S. 333, 341-42, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977). An organization attempting to assert standing on its own behalf must be able to demonstrate some injury it has suffered that meets the constitutional standing requirements as well as the prudential limitations on standing, unless Congress evinced a clear intent to eliminate those prudential limitations under the statute in question. See Havens Realty Corp. v. Coleman, 455 U.S. 363, 378-79, 102 S.Ct. 1114, 71 L.Ed.2d 214 (1982). A court must conduct the same inquiry with respect to an organizational plaintiff as it does with an individual plaintiff, determining whether the plaintiff has "alleged such a personal stake in the outcome of the controversy as to warrant [ ] invocation of federal-court jurisdiction." Id. (internal quotation marks and citations omitted).  An organization has standing to sue as the representative of its members when (1) at least one of its members would otherwise have standing to sue in his own right;  (2) the interests at stake are germane to the organization's purpose; and (3) neither the claim asserted nor the relief requested requires the participation of the individual members in the lawsuit. See Hunt, 432 U.S. at 343, and United Food & Commercial Workers Union Local 751 v. Brown Group, Inc., 517 U.S. 544, 552-53, 116 S.Ct. 1529, 134 L.Ed.2d 758 (1996).

Standing must be assessed based on the facts as they existed at the time the lawsuit was filed. See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 190-91, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000)); Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F3d 1263, 1275 (11th Cir. 2003).  Thus "[b]elated efforts to bolster standing are futile." Moyer v. Walt Disney World Co., 146 F.Supp.2d 1249, 1253 (M.D.Fla. 2000).  Additionally, the required showing to establish standing depends to some extent on the stage of the litigation at which the standing issue is being decided. Lujan, 504 U.S. at 561.  "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." Miccosukee Tribe of Indians of Florida v. Southern Everglades Restoration Alliance, 304 F.3d 1076, 1080 (11th Cir. 2002) (quoting Lujan, 504 U.S. at 561)).

## DISCUSSION

First, the court briefly considers pursuant to Rule 12(b)(6) the defendants' contentions that the plaintiffs have failed to state a claim upon which relief can be granted. Other than in specific cases in which a statute or rule so requires, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a). Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Accordingly, in most cases a complaint need only include "a short plain statement of the claim showing the pleader is entitled to relief" in order to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47; see also Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). To prevail under Title III of the ADA, the plaintiff generally must establish (1) that he is an individual with a disability; (2) that the defendant is a place of public accommodation; and (3) that the defendant denied him full and equal enjoyment of the goods, services, facilities, or privileges offered by the defendant; (4) on the basis of his disability. See Schiavo v. Schiavo, 403 F.3d 1289, 1299 (11th Cir. 2005). In this case, taking the allegations of the complaints as true, the court is satisfied that the plaintiffs have adequately stated a claim for relief under Fed.R.Civ.P. 8(a)(2). The plaintiffs have provided sufficient allegations to establish, at this nascent stage of the proceedings, that Houston is disabled within the meaning of the Act and that Equal Access represents disabled persons such as he; moreover, the plaintiffs' allegations adequately establish that the defendants' facilities are places of public accommodation. Additionally, the complaints adequately allege that the defendants denied Houston, on the basis of his disability, full and equal enjoyment of their goods, services, facilities, or privileges by failing to remove architectural barriers to accessibility where such removal was readily achievable or to make their establishments readily accessible and usable to him. See Shotz, 256 F.3d at 1080 (finding in Title II ADA action that plaintiff need not allege complete inability to enjoy service, program, or activity but rather must only allege that the service, program, or activity was not "readily accessible"). The plaintiffs' allegations provide fair notice to the defendants of the claims asserted against them and the grounds on which those claims

rest. Swierkiewicz, 534 U.S. at 512-13. The plaintiffs' complaints contain allegations which, if established by proof, could entitle the plaintiffs to relief. See Scheuer, 416 U.S. at 236-37.  Therefore, insofar as the defendants seek dismissal of the complaints for the failure to state a claim, their motions are denied.

As noted, the court treats the defendants' arguments on standing as brought pursuant to Rule 12(b)(1); more specifically, it treats the arguments as a facial challenge to subject matter jurisdiction.  Thus in considering these arguments the court's  review is limited to the four corners of the plaintiffs' complaint, whose allegations the court takes as true.[7]  See Lawrence, 919 F.2d at 1529.   With respect to standing to sue for injunctive relief under the ADA, the Eleventh Circuit has held that, unless the plaintiff alleges facts giving rise to a plausible inference that he will suffer future disability discrimination by the defendant, he fails to demonstrate the required constitutional "irreducible minimum."[8] See Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001) (holding that plaintiffs in Title II ADA action did not have standing to pursue injunctive relief remedying accessibility to courthouse because they had not attempted to return to the courthouse and had not

---

[7]  Accordingly, the court does not consider the exhibits attached to the motions to dismiss filed by the defendants in Case Nos. 5:04cv178/MCR, 5:04cv179/MCR, 5:04cv180/MCR, 5:04cv181/MCR, 5:04cv189/MCR, and 5:04cv213/MCR.  The court therefore does not, as the defendants request, take judicial notice of the dockets of other courts which show the numerous other cases which the plaintiffs have filed or Equal Access' corporate records filed with the Florida Secretary of State, which reflect that Houston resides in Pompano Beach, Florida. Nor does the court consider the affidavit filed by defendant BAB Developers, LLC. The court so proceeds as it finds that the standing question presented in this case may be determined simply by examining the allegations of the complaint. See Gutherman v. 7-Eleven, Inc., 278 F.Supp.2d 1374 (S.D.Fla. 2003) (granting motion to dismiss for lack of standing based on allegations of the complaint).
      The court has reviewed and finds instructive other cases relied upon by the defendants, most particularly Brother v. Tiger Partner, LLC, 331 F.Supp.2d 1368 (M.D.Fla. 2004); Brother v. CPL Investments, Inc., 317 F.Supp.2d (S.D.Fla. 2004); Rosencrantz v. Markopoulos, 254 F.Supp.2d 1250 (M.D.Fla. 2003), and Brother v. Rossmore Tampa Limited Partnership, Case No. 8:03-cv-1253-T-24MAP (M.D.Fla. Aug. 19, 2004). Nevertheless, the court does not cite these cases in making its ruling, primarily because the majority of them were presented to the reviewing court in a different procedural posture than exists in the instant matter; in short, the sort of record upon which those courts relied was not available here.  For example, both Tiger Partner and Rossmore involved summary judgment motions, and in CPL Investments the court's holdings were made following a bench trial.  Although in Rosencrantz the court granted the defendant's motion to dismiss (based upon a factual challenge pursuant to Rule 12(b)(1)), it did so based largely upon statements made by the plaintiff in a deposition.

[8]  Damages are not recoverable under Title III of the ADA; only injunctive relief is available. See 42 U.S.C.  § 12188(a)(1)(providing that remedies under Title III are the same as those outlined in § 42 U.S.C. 2000a-3(A), which do not permit recovery of monetary damages).

alleged that they intended to do so in the future); Miller v. King, 384 F.3d 1248, 1263 n.14 (11th Cir. 2004) (citing Shotz in finding that prisoner serving life sentence met standing requirement to assert claim for injunctive relief under ADA as he had adequately alleged facts giving rise to an inference that he would suffer future disability discrimination by the correctional facility defendant).  The intention to return to the place of injury "some day" is insufficient. Lujan, 504 U.S. at 564.  Rather, "[s]uch 'someday intentions – without any description of concrete plans', or indeed even any speculation of when the some day will be – do not support a finding of 'actual or imminent' injury that our cases require."  Id. at 564 (emphasis in original). In addition, although in the context of Title III of the ADA, a "plaintiff[ ] need not engage in the "futile gesture" of visiting a building containing known barriers that the owner has no intention of remedying, see 42 U.S.C. § 12188(a)(1), [he] must at least prove knowledge of the barriers and that [he] would visit the building in the imminent future but for those barriers." Steger v. Franco, Inc., 228 F.3d 889,  892 (8th Cir. 2000) (citing Friends of the Earth, Inc., 528 U.S. at 190-91).

The court concludes that, as presented in the complaints, Houston has failed to allege an injury-in-fact such that standing is conferred to assert a claim for injunctive relief under the ADA. Houston's allegation of past injury – suffered during a single visit to each of the defendants' establishments in July 2004 – alone is not sufficient, as "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by continuing, present adverse effect." Lyons, 461 U.S. at 102 (quotation omitted).  Houston does not allege that has attempted to return to the properties since July 2004.  Moreover, his asserted intention to return to the properties at some unspecified later date is insufficient to establish a "continuing, adverse effect" as it demonstrates nothing more than a remote possibility of future injury.  Houston has alleged no concrete travel plans to defendants' hotels or motels of any sort but rather merely asserts vague "some day" intentions.  As to the "unknown" barriers which Houston has alleged may be present in the defendants' facilities, he also has not alleged that he would visit the facilities "but for" those barriers.  Steger, 228 F.3d at  892.  In short, Houston's allegations are insufficient to give rise to a plausible inference that he will suffer future

discrimination by any defendant.  Rather, any alleged "future injury" is comparable to the injury asserted in Lujan and thus the allegations of the complaint fail to establish Houston's standing to bring this suit.

The same is true with respect to Equal Access.  First, as to standing to assert a claim on its own behalf, Equal Access' allegation of "frustration" of its stated institutional purposes is not sufficient to show even a past injury.  See Buchanan v. Consol. Stores Corp., 125 F.Supp.2d 730, 736 (D.Md. 2001) (noting that "a conflict between a defendant's conduct and [the] organization's mission is alone insufficient to establish Article III standing"), and Clark v. Burger King Corp., 255 F.Supp.2d  334, 344 (D.N.J. 2003) (stating that "an organization does not possess standing simply because it has an ideological or abstract social interest that is adversely affected by the challenged action.").[9]  Even assuming otherwise, however, the court finds that the allegations of the complaint do not suggest that Equal Access has suffered any "continuing, present adverse effect" from defendants' alleged conduct, Lyons, 461 U.S. at 102, or that Equal Access faces any "real and immediate threat of repeated injury." O'Shea, 414 U.S. at 496.  Thus, insofar as Equal Access seeks to proceed on its own behalf, it has not presented allegations which satisfy the constitutional standing requirements which apply to claims for injunctive relief under Title III of the ADA.  Similarly, the allegations of the complaint are insufficient to establish Equal Access' standing to sue as the representative of its members.  Nowhere in the complaint is identified the name of even a single member.  While it may be inferred that Houston is a member of Equal Access, the complaint does not specifically so state.[10]  In any event, making the inference that Houston is a member of Equal Access, the court nevertheless concludes that because Houston has not established his individual standing

---

[9]  The court does not agree with the defendants' apparent contention, which is supported only by reference to the language of the statute and not by case law, that Equal Access cannot establish standing to proceed on its own behalf under the ADA because it is not an individual or person.  To the contrary, the law appears to be well-settled that, under the appropriate facts, an organization may sue under the ADA on its own behalf.  See infra.

[10]  Plaintiffs' response to defendants' motions does state that Houston is a member of Equal Access. (See, e.g., # 7 at p. 4, Case No. 5:04cv178/MCR docket).

and there are no allegations regarding any other members, Equal Access consequently has not  alleged that at least one of its members has standing to sue in his own right.[11] See Hunt, 432 U.S. at 343.  The court thus finds that the allegations of the complaints fail to establish the plaintiffs' standing to seek injunctive relief under Title III of the ADA.  To the extent the defendants' seek dismissal of the complaints on the ground of lack of standing, their motions are therefore granted.

As noted, the plaintiffs seek a "reasonable" period of time in which to file an amended complaint, should the court find that dismissal is warranted.  Under Fed.R.Civ.P. 15(a), a party has the right to amend a pleading once as a matter of right provided he does so before a responsive pleading is filed.  In this case, the plaintiffs have not previously amended their complaints and the docket reflects that the defendants have not filed responsive pleadings.  Nevertheless, the plaintiffs are not entitled by right to amend because the dismissal of the complaints terminates their prerogative to amend as a matter of course under Fed.R.Civ.P. 15(a).  See Montford v. Moreno, 2005 WL 1369563 (11th Cir. 2005) (citing Czeremcha v. Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO, 724 F.2d 1552, 1556 (11th Cir. 1984)).

A district court's discretion to dismiss a complaint without leave to amend "is 'severely restrict[ed]' by Rule 15(a), which directs that leave to amend 'shall be freely given when justice so requires.'"  Thomas v. Town of Davie, 847 F.2d 771, 773 (11th Cir.1988) (citation omitted).  Generally, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."  Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991).  A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile. See Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing Foman v. Davis, 371 U.S. 178, 182,

---

[11]  The court's analysis does not require that it reach the prudential concerns relevant to standing or the second and third prongs of the Hunt test.

83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).  In the instant case, not only have the plaintiffs failed to seek leave to amend but also they failed to submit a proposed amended complaint, as required by N.D.Fla.Loc.R.15.1.  More importantly, viewing the factual allegations which the plaintiffs have already made in their complaints within the framework required for establishing standing discussed above, the court finds that amendment is not possible. As mentioned, standing is assessed based on the facts as they existed at the time the lawsuit was filed. See Friends of the Earth, Inc., 528 U.S. at 190-91. Nothing in the instant complaints or the plaintiffs' subsequent representations suggests that the plaintiffs can allege facts giving rise to the plausible inference that, at the time the complaints were filed in the summer of 2004 and based on concrete, particularized intentions to return to their establishments, Houston was likely to suffer future discrimination by the defendants. See Lujan, 504 U.S. at 564.  For similar reasons, there is no basis to believe that Equal Access can allege facts that support its standing to sue on behalf of any member, including Houston, or on its own behalf.  The court therefore concludes that amendment would be futile.  See Vanderberg v. Donaldson, 259 F.3d 1321, 1326-27 (11th Cir. 2001). Accordingly, the consolidated action shall be dismissed with prejudice, and the clerk shall be directed to enter judgment in the defendants' favor and close the file.

As a final matter, the defendants have asserted no basis for granting their requests for attorneys' fees and costs, and the court finds none.  The requests are therefore denied.

Accordingly, it is ORDERED:

1.     The defendants' motions to dismiss (docs. #4, #17, and #18, Case No. 5:04cv178/MCR docket; #4, Case No. 5:04cv180/MCR docket; #4, Case No. 5:04cv181/MCR docket; #13, Case No. 5:04cv186/MCR docket; #4, Case No. 5:04cv188/MCR docket; #4, Case No. 5:04cv179/MCR docket; #3, Case No. 5:04cv189/MCR docket; and #3, Case No. 5:04cv190/MCR docket) are GRANTED, to the extent they seek dismissal on the ground that the plaintiffs have failed to allege an injury-in-fact and thereby lack Article III standing to bring their claim for injunctive relief under Title III of the ADA. To the extent the defendants seek dismissal for the failure to state a claim upon which relief can be granted, the motions are DENIED.

2.      As to Case Nos. 5:04cv216/MCR and 5:04cv217/MCR,  the court sua sponte finds that the plaintiffs have failed to allege an injury-in-fact and thereby lack Article III standing to bring their claim for injunctive relief under Title III of the ADA.

3.      The docket shall reflect the plaintiffs' voluntary dismissal with prejudice of Case No. 5:04cv212/MCR.

4.      The defendants' requests for attorneys' fees and costs are DENIED.

5.      All remaining cases in the consolidated action (Case Nos. 5:04cv178/MCR; 5:04cv179/MCR;  5:04cv180/MCR;  5:04cv181/MCR;  5:04cv182/MCR;  5:04cv186/MCR; 5:04cv188/MCR;   5:04cv189/MCR;  5:04cv190/MCR;  5:04cv213/MCR;  5:04cv216/MCR; and 5:04cv217/MCR) are DISMISSED with prejudice.  The clerk shall ENTER judgment in the defendants' favor and CLOSE the consolidated file.

ORDERED this 10th day of August 2005.


s/ *M. Casey Rodgers*

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**