IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

EQUAL ACCESS FOR ALL, INC.,
a Florida not-for-profit corporation, and
JOE HOUSTON, an individual,

        Plaintiffs,

v.                       Consolidated Lead Case No. 5:04cv178/MCR[1]

HUGHES RESORT, INC.,
a Florida corporation,

        Defendant.

_____/

## O R D E R

    This consolidated action, brought pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., presently is on appeal to the United States Court of Appeals for the Eleventh Circuit.  It is now before this court on the "Motion

---

[1] By order dated October 4, 2004, the court consolidated the instant case with the following fifteen cases for all further proceedings: Equal Access for All, Inc. v. Bikini Beach Motel, Inc., 5:04cv179/MCR; Equal Access for All, Inc. v. Gilmore Resorts,  Inc., 5:04cv180/MCR; Equal Access for All, Inc. v. Narhet, LLC, 5:04cv181/MCR; Equal Access for All, Inc. v. BAB Developers, LLC, 5:04cv182/MCR; Equal Access for All, Inc. v. Banker,  5:04cv186/MCR; Equal Access for All, Inc. v. Hilton, Inc., 5:04cv187/MCR; Equal Access for All, Inc. v. Bennett's Reef, Inc., 5:04cv188/MCR; Equal Access for All, Inc. v. KGRANT, LLC., 5:04cv189/MCR; Equal Access for All, Inc. v. Bennett's Reef, Inc., 5:04cv190/MCR; Equal Access for All, Inc. v. Stiles Enterprises, Inc., 5:04cv212/MCR; Equal Access for All, Inc. v. RK of Bay County, Inc., 5:04cv213/MCR; Equal Access for All, Inc. v. BNP Investment Prop., Inc., 5:04cv214/MCR; Equal Access for All, Inc. v. Motel One Ltd., 5:04cv215/MCR; Equal Access for All, Inc. v. Panama City Ltd. Partnership, 5:04cv216/MCR; and Equal Access for All, Inc. v. Patel, 5:04cv217/MCR.  Four of these sixteen cases were dismissed at the plaintiffs' or the parties' request [Case Nos. 5:04cv187/MCR, 5:04cv212/MCR, 5:04cv214, and  5:04cv215/MCR], and the remaining twelve cases were dismissed by the court for lack of subject matter jurisdiction by order and judgment entered August 10, 2005 (doc. 47).

to Vacate Judgment and Enter Consent Judgment" (doc. 65) filed by several of the defendants and consented to by plaintiffs.[2]  As explained below, pursuant to the law of this circuit the court advises that at such time as jurisdiction again may exist in this forum for doing so, it is the court's intention to grant the instant motion. See Mahone v. Ray, 326 F.3d 1176 (11th Cir. 2003).

## DISCUSSION

Generally, the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal, see Doe v. Bush, 261 F.3d 1037, 1064 (11th Cir. 2001); such filing does not, however, prevent the district court from taking action in furtherance of the appeal. See Mahone, 326 F.3d 1at 1179. "Nor does [the filing of notice of appeal] prevent the court from entertaining motions on matters collateral to those at issue on appeal." Id., (citing Doe, 261 F.3d at 1064). Accordingly, the district court retains jurisdiction after the filing of a notice of appeal to entertain and deny a Rule 60(b) motion.[3] Id.  The court does not, however, retain jurisdiction to grant a Rule 60(b) motion following the filing of a notice of appeal. Thus a district court "presented with a Rule 60(b) motion after a notice of appeal has been filed should consider the motion and assess its merits. It may then deny the motion or indicate its belief that the arguments raised are meritorious. If the district court selects the latter course, the movant may then petition the court of

---

[2] Counsel for Hughes Resort, Inc.; RK of Bay County Corp.; Gilmore Resorts, Inc.; Narhet, LLC; Bikini Beach Motel, and KGRANT, LLC, filed the instant motion.  Counsel also states this motion is brought on behalf of defendants Bennett's Reef and Indu L. Banker.  Although counsel for these parties did not sign the motion, the court accepts that the aforementioned parties, including plaintiffs, join in moving to vacate the judgment.  If this understanding is not correct, the court should immediately be so informed.

Additionally, the court notes that the Eleventh Circuit's website reflects that the appeal in this case has been dismissed as to the only other party represented by counsel, BAB Developers, LLC.  The Court's website also reflects that counsel for Hughes Resort, Inc., et al., recently filed a motion to stay the appellate proceedings pending resolution of the motion to vacate.  On May 10, 2006, the Eleventh Circuit stayed the briefing schedule in the matter until the date of this court's order on the motion to vacate or thirty days, whichever occurs first.

[3] Rule 60(b) permits a district court to relieve a party from a final judgment under circumstances that include "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial," fraud, or "any other reason justifying relief . . . ." Fed.R.Civ.P. 60(b). Motions under Rule 60(b) "are directed to the sound discretion of the district court." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984).

appeals to remand the matter so as to confer jurisdiction on the district court to grant the motion." Id. at 1180.

In U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18, 29, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994), the Supreme Court noted that

> Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur. Congress has prescribed a primary route, by appeal as of right and certiorari, through which parties may seek relief from the legal consequences of judicial judgments. To allow a party who steps off the statutory path to employ the secondary remedy of vacatur as a refined form of collateral attack on the judgment would – quite apart from any considerations of fairness to the parties – disturb the orderly operation of the federal judicial system.

Id. at 27 (internal citations and quotations omitted). The Court went on to hold that "mootness by reason of settlement does not justify vacatur of a judgment under review. This is not to say that vacatur can never be granted when mootness is produced in that fashion. As we have described, the determination is an equitable one, and exceptional circumstances may conceivably counsel in favor of such a course."[4] Id. at 29.

In this case, defendants state in their Rule 60(b) motion that "[t]he parties have reached a settlement agreement in this matter during the pendency of the appeal, which requires that this matter be remanded to the District Court for entry of a consent

---

[4] Although the Bancorp ruling concerned the vacatur of district court opinions by appellate courts, most courts which have considered the issue have determined that district courts should also apply the "exceptional circumstances" standard when deciding whether to vacate their own orders of judgment. See e.g., Valero Terrestrial Corp. v. Paige, 211 F.3d 112, 121 (4th Cir. 2000); Allen-Bradley Co. v. Kollmorgen Corp., 199 F.R.D. 316, 318 (E.D.Wis. 2001); Bartholic v. Scripto-Tokai Corp., 140 F.Supp.2d 1098, 1122 (D.Col. 2000); Avellino v. Heron, 181 F.R.D. 294, 295-96 (E.D.Penn. 1998); Jewelers Vigilance Coop. v. Vitale, Inc., 177 F.R.D. 184, 186 (S.D.N.Y. 1998); Keeler v. Mayor & City Council of Cumberland, 951 F.Supp. 83, 83 (D.Md.1997); but cf. American Games, Inc. v. Trade Prods., Inc. 142 F.3d 1164 (9th Cir. 1998) (holding that after Bancorp district courts should continue to employ the balancing of equities test articulated in Ringsby Truck Lines, Inc. v. Western Conference of Teamsters, 686 F.2d 720, 722 (9th Cir.1982), in assessing a Rule 60(b) motion to vacate judgment). This court likewise shall apply the Bancorp standard.

judgment."[5]   (Doc. 65 at 1).   The motion does not explain what, if any, exceptional circumstances exist which might counsel the court to grant the request for vacatur.  The motion does, however, set forth in detail the relief to be accorded by defendants pursuant to the consent judgment the parties seek to have entered after remand.  Specifically, the motion identifies the repairs or improvements each defendant will make to bring its facilities into compliance with the provisions of the ADA, provides a timetable for completion of the repairs or improvements, and requires defendants to pay certain sums for plaintiffs' attorneys' fees and costs.  The motion also states that at such time as each defendant has met its obligations under the consent judgment plaintiffs shall file a satisfaction of judgment with the court.

Although defendants' motion does not point to any exceptional circumstances existing in this case which might warrant granting the request for vacatur, the court nevertheless is satisfied that such circumstances exist.  See Major League Baseball Properties, Inc. v. Pacific Trading Cards, Inc., 150 F.3d 149, 151 (2d Cir. 1998).  First, all parties in this case agree that vacating the prior judgment is desirable, and the court is not aware of any reason to suspect an attempt to manipulate the judicial process through the filing of the instant motion.  Further, given that this action is on appeal, both the judiciary and the parties would save time and resources if the motion were granted.   Most importantly, the court is persuaded that settlement of this action under the terms outlined above, which require the defendants to bring their facilities into compliance with provisions of the ADA, serves the best interests of the public. Any limited harm the judicial system might suffer from losing legal precedent in this matter is outweighed by the benefits to be gained by vacatur and entry of the proposed consent judgment.  See McClendon v. City of Albuquerque, 100 F.3d 863, 868 (10th Cir. 1996) (granting request for vacatur of judgment even though losing party mooted appeal through its own actions because government's remedial measures mooting the appeal constituted responsible conduct).

---

[5]  The court assumes from this language – and proceeds herein on the assumption – that the parties have only tentatively reached a settlement agreement and thus that the dispute is still live. See Bancorp, 513 U.S. at 25 (holding that a party who moots a dispute through settlement and thereby forfeits its legal right of appeal "surrender[s] [its] claim to the equitable remedy of vacatur").

In summary, the court finds "exceptional circumstances" justifying the  exercise of its discretion to vacate the judgment entered August 10, 2005, in this case.  The court therefore advises of its intention, consistent with instructions of the Eleventh Circuit in the event of remand, to grant the pending Fed.R.Civ.P. 60(b) motion.

DONE and ORDERED this 12th day of May, 2006.


s/ *M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**