**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**EQUAL ACCESS FOR ALL, INC.,**
a Florida not-for-profit corporation, and
**JOE HOUSTON,** an individual,

    **Plaintiffs,**

v.                          **Consolidated Lead Case No. 5:04cv178/MCR**[1]

**HUGHES RESORT, INC.,**
a Florida corporation,

    **Defendant.**
_____/

**O R D E R**

    This consolidated action, brought pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., is before the court following remand by the United States Court of Appeals for the Eleventh Circuit. (Doc. 70). Pending is the

---

[1] By order dated October 4, 2004, the court consolidated the instant case with the following fifteen cases for all further proceedings: Equal Access for All, Inc. v. Bikini Beach Motel, Inc., 5:04cv179/MCR; Equal Access for All, Inc. v. Gilmore Resorts, Inc., 5:04cv180/MCR; Equal Access for All, Inc. v. Narhet, LLC, 5:04cv181/MCR; Equal Access for All, Inc. v. BAB Developers, LLC, 5:04cv182/MCR; Equal Access for All, Inc. v. Banker, 5:04cv186/MCR; Equal Access for All, Inc. v. Hilton, Inc., 5:04cv187/MCR; Equal Access for All, Inc. v. Bennett's Reef, Inc., 5:04cv188/MCR; Equal Access for All, Inc. v. KGRANT, LLC., 5:04cv189/MCR; Equal Access for All, Inc. v. Bennett's Reef, Inc., 5:04cv190/MCR; Equal Access for All, Inc. v. Stiles Enterprises, Inc., 5:04cv212/MCR; Equal Access for All, Inc. v. RK of Bay County, Inc., 5:04cv213/MCR; Equal Access for All, Inc. v. BNP Investment Prop., Inc., 5:04cv214/MCR; Equal Access for All, Inc. v. Motel One Ltd., 5:04cv215/MCR; Equal Access for All, Inc. v. Panama City Ltd. Partnership, 5:04cv216/MCR; and Equal Access for All, Inc. v. Patel, 5:04cv217/MCR. Four of these sixteen cases were dismissed at the plaintiffs' or the parties' request [Case Nos. 5:04cv187/MCR, 5:04cv212/MCR, 5:04cv214, and 5:04cv215/MCR], and the remaining twelve cases were dismissed by the court for lack of subject matter jurisdiction by order and judgment entered August 10, 2005 (doc. 47).

"Motion to Vacate Judgment and Enter Consent Judgment" filed pursuant to Fed.R.Civ.P. 60(b) by several of the defendants and consented to by plaintiffs. (Doc. 65). As the court explained in its order dated May 12, 2006 (doc. 66), based upon the parties' representations it finds that exceptional circumstances exist which justify the exercise of its discretion to vacate the judgment entered August 10, 2005, in this case. Accordingly, at such time as the parties submit their proposed consent judgment for the court's review and approval, the court intends to grant the pending Fed.R.Civ.P. 60(b) motion and vacate the judgment in this case. The proposed consent judgment should be filed within fourteen (14) days of the date of this order.

**DONE and ORDERED** this 6th day of July, 2006.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**