UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

EQUAL ACCESS FOR ALL, INC.,
and JOE HOUSTON,

    Plaintiffs,

v.                                      CONSOLIDATED CASE NO.: 5:04 CV 178-MCR/MD

HUGHES RESORT, INC., et al.,

    Defendant.
_____/

## CONSENT JUDGMENT

BASED UPON the Settlement Agreement reached between the Plaintiffs and Defendants, HUGHES RESORT, INC., BIKINI BEACH MOTEL, INC., GILMORE RESORTS, INC., NARHET, LLC, KGRANT, LLC, RK OF BAY COUNTY, INC., BENNETT'S REEF, INC. and INDU L. BANKER, and pursuant to Rule 60(b), Federal Rules of Civil Procedure, the Court vacates the Judgment entered on August 10, 2005 (Doc. 48) and enters a Consent Judgment as follows:

    1.    The Court hereby vacates the Judgment entered on August 10, 2005 (Doc. 48).

    2.    The Court hereby enters a Consent Judgment on the following terms:

    (A)    Defendants agree to make the following repairs to their hotels/motels in order that they will be in compliance with the provisions of the Americans with Disabilities Act (ADA):

        i.    Within 3 months, to have a parking lot in compliance with the ADA - 1:25 ratio; have accessibility from the parking spaces to the registration office, including a ramp or other necessary items; establish a policy for

        registration personnel to assist handicapped individuals through having a clipboard available or a table for filing out registration forms.

    ii.    Within 1 year, have a fully accessible handicapped room.

    iii.    Within 2 years, have a fully accessible public bathroom.

(B)    The following exceptions to the requirements or time frames specified in Paragraph (B) apply:

    i.    Bikini Beach Motel, Inc. - the time frame to commence the repairs will not start until August 1, 2006. Thereafter, if Defendant has not closed on the sale of its property, Defendant will perform the repairs specified in Paragraph (B) with the "effective date" to be August 1, 2006. If Defendant does close on the sale of its property, it shall be relieved from any further liability.

    ii.    Narhet, LLC - if Defendant sells the property or closes the motel/hotel and demolishes the buildings prior to completing the repairs, Defendant is relieved of any further obligations under the Settlement Agreement and Consent Judgment not already performed.

    iii.    RK of Bay County, Inc. - Defendant will only need to comply with Paragraph (B)(i) and to add a roll-in shower in one room to be in compliance with Paragraph (B)(ii).

    iv.    Indu L. Banker - no special conditions.

    v.    Bennett's Reef, Inc. - Defendant will make the following modifications to one room at the Quality Inn and to one room at the Best Value Inn within one (1) year in compliance with Paragraph (B)(ii):

          1. Installing grab bars behind the accessible toilet and in the showers;

          2. Moving the toilet paper dispensers in the handicap accessible stalls so that they are located on the wall adjacent to the toilet;

          3. Lowering (a) the mirror in the restroom, (b) the paper towel dispensers in the restrooms, and (c) the coat hooks in the handicap accessible stalls;

          4. Installing a raised toilet seat;

          5. Installing a ramp into the room.

Defendant will only need to comply with Paragraph (B)(iii) for the Quality Inn. Additionally, if Defendant closes either motel/hotel and demolishes the buildings, Defendant is relieved of any further obligations under the Consent Judgment not already performed.

    vi. Kgrant, LLC - Defendant has already complied with Paragraph (B)(ii), and is not required to comply with Paragraph (B)(iii).

    vii. Gilmore Resorts, Inc. - Defendant shall only need to comply with the requirements of Paragraphs (B)(i) and (B)(ii), and will place roll-in showers in two (2) rooms of their choosing to be in compliance with Paragraph (B)(ii).

    viii. To the extent that any Appellee/Defendant does not have a public bathroom facility available, they are relieved of compliance with Paragraph (B)(iii).

(C) Defendants shall pay the following sums, per party, to the Plaintiffs for attorney's fees and costs:

        i.        Bikini Beach Motel, Inc. - $5,000.00;

        ii.       Narhet, LLC - $5,000.00;

        iii.      RK of Bay County, Inc. - $5,000.00;

        iv.      Indu L. Banker - $5,000.00, to be paid one-half now and the other one-half due in one (1) year;

        v.       Bennett's Reef, Inc. - $8,000.00;

        vi.      KGrant, LLC - $1,000.00;

        vii.     Gilmore Resorts, Inc. - $5,000.00.

(D) To the extent any Defendant sells their property, closes their motel/hotel, and/or demolishes their buildings prior to the completion of the repairs specified herein, they are relieved of any further obligations not already performed.

(E) If the Defendants comply with the requirements of this Consent Judgment within the time periods specified, then they shall have achieved what repairs and modifications are readily achievable pursuant to the ADA. The obligations to pay money and perform repairs are severable among each Appellee/Defendant, and on Appellee/Defendant's failure to meet its obligations shall not be imputed to another Appellee/Defendant or otherwise void the Settlement Agreement and the Consent Judgment as to any compliant Appellee/Defendant.

(F) Upon completion of all items by each Defendant, Plaintiffs shall timely file with the Court a Satisfaction of Judgment for each Defendant as necessary, which shall evidence that such Defendant has made the payment(s) required, that the repairs have been completed, and that they are relieved of any further liability under the Settlement Agreement and Consent Judgment.

(G)  Defendant, Hughes Resorts, Inc., is dismissed with prejudice from this action, is not obligated to pay and moneys or perform any repairs, with Plaintiffs and Defendant to bear their own fees and costs. The dismissal of Hughes Resorts, Inc. is not contingent upon the occurrence of or entry of any orders specified herein.

DONE AND ORDERED this 19th day of July, 2006.

*M. Casey Rodgers*
M. CASEY RODGERS
UNITED STATES DISTRICT JUDGE